UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARCO ZALDIVAR, et al.,

    Plaintiffs,

v.

T-MOBILE USA, INC.,

    Defendant.

CASE NO. C07-1695RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on two motions (Dkt. # 53, 54) from Defendant T-Mobile USA, Inc. ("T-Mobile") and Plaintiffs' motion for appointment of interim class counsel (Dkt. # 51). For the reasons stated below, the court DENIES both of T-Mobile's motions and RENOTES Plaintiffs' motion pending additional submissions from counsel as outlined in this order.

## II. BACKGROUND

Plaintiff Marco Zaldivar, a California resident, seeks to represent a class of plaintiffs affected by T-Mobile's allegedly unfair text message billing practices. Mr. Zaldivar has not yet moved to certify a class, and no motion for certification is due until September 25, 2008. T-Mobile has filed two motions asserting that the court should, in

ORDER – 1

advance of class certification, limit Mr. Zaldivar to representing a class of California residents only.

Mr. Zaldivar's counsel, whom the court will call Counsel Group One, seek to be appointed as interim class counsel pending the court's decision on class certification. Counsel Group One has requested interim class counsel status once before. At that time, two class actions targeting the same T-Mobile practices were pending in this district: the instant action (the "Zaldivar litigation"), and another action in which Maria Detweiler, a resident of Florida, was the sole class representative (the "Detweiler litigation," Case No. C07-2090). Another group of lawyers, whom the court will call Counsel Group Two, represented Ms. Detweiler. On May 2, 2008, the court issued an identical order in both litigations. The court held that a choice-of-law clause contained in T-Mobile's consumer contract mandated that the law of each consumer's state of residence would govern disputes arising out of the contract; that under California law, the mandatory arbitration clause and class action waiver contained in the contract were unenforceable; and that under Florida law, the arbitration clause and class action waiver were enforceable. The court stayed the Detweiler litigation pending arbitration, and found it unnecessary to resolve the motion for appointment of interim counsel in light of the disposition of the Detweiler litigation..

Since the May 2 order, Counsel Group Two has filed two more putative class action lawsuits in this district, again targeting the same T-Mobile practices. The first is on behalf of Joseph Calloway, a Washington resident (the "Calloway litigation," Case No. C08-731). The second is on behalf of Shane McNeill and three other putative class representatives, who reside in Tennessee, New Hampshire, Nevada, and New Jersey (the "McNeill litigation," Case No. C08-863). In each litigation, Counsel Group Two

ORDER – 2

proposes to represent only class members residing in the states where their class representatives reside.

## III.  ANALYSIS

**A.   There is No Basis, at this Stage of the Zaldivar Litigation, to Limit The Putative Plaintiff Class to California Residents.**

T-Mobile moves the court to limit the putative class in this case to California residents.  T-Mobile supports its request with two contentions: that the Ninth Circuit's opinion in *Lozano v. AT&T Wireless Serv., Inc.*, 504 F.3d 718 (9th Cir. 2007) requires the California-only limitation; and that this court's May 2 order supports the limitation as well.

In *Lozano*, a Ninth Circuit panel considered the district court's denial of a motion to certify a nationwide class of mobile phone subscribers.  504 F.3d at 724.  The district court, considering a subscriber contract with an arbitration clause and class action waiver much like the one in T-Mobile's contract, determined that state-by-state variations in law governing the arbitrability analysis made class certification inappropriate.  *Id.*  The plaintiff provided no state-by-state legal analysis in support of its class certification motion.  *Id.* at 728.  The panel held that the district court was not required to conduct a *sua sponte* state-by-state analysis, and that it had not "abuse[d] its discretion" by refusing to certify a class based on its concerns about variations in the laws of the 50 states.  *Id.*

T-Mobile twists the *Lozano* court's deference to the discretion of the district court into a mandate that district courts refuse to consider nationwide classes of plaintiffs bound by contracts with arbitration clauses.  *Lozano* mandates nothing of the sort.  It recognizes that a district court *can*, in its discretion, refuse to certify a class where state-by-state variations in law make the plaintiffs' claims unsuitable for class treatment, and it

ORDER – 3

recognizes that the plaintiff, not the court, bears the burden to establish that state-by-state legal variations can be managed.

In this case, Mr. Zaldivar has not yet attempted to address the effect of state-by-state legal variations, but he is not yet required to. T-Mobile has put forth no state-by-state analysis of law for him to rebut. Absent such an analysis, Mr. Zaldivar need not address the issue until he moves for class certification. When he presents his motion for certification, the court expects that he will heed the lessons of *Lozano*. He might also consider this court's decisions addressing the importance of showing that state-by-state legal variations are manageable. *See Estate of Felts v. Genworth Life Ins. Co.*, __ F.R.D. __, 2008 U.S. Dist. LEXIS 40835, at *27-31 (W.D. Wash. Apr. 14, 2008). But neither *Lozano* nor any other authority of which the court is aware precludes Mr. Zaldivar from presenting argument in support of a class with members who reside outside California.

The May 2 order undermines, rather than supports, T-Mobile's position. In that order, the court held that Florida law dictated that the T-Mobile arbitration clause and class action waiver was enforceable against Ms. Detweiler. Although that holding is a substantial obstacle to Floridians whom Mr. Zaldivar might seek to represent[1], it provides no support for the notion that only Californians may participate in this class. The court had no occasion in the May 2 order to consider the law of 47 states. In addition to its discussions of California and Florida law, however, the court noted that binding

---

[1] The court notes that Counsel Group One, Counsel Group Two, and T-Mobile all take different positions as to the effect of the May 2 order under principles of res judicata, claim preclusion, and law of the case. The court need not address their positions, but makes two observations. First, for the convenience of the court and the parties, the court entered the identical May 2 order in both the Zaldivar and Detweiler litigations. The mere act of entering the same order in both cases does not alter the preclusive effect of either order. Second, the court suggests that all parties would be better served by focusing on the practical effect of the May 2 order, rather than squabbling over questions of res judicata, claim preclusion, and law of the case that are unlikely to have any impact on the resolution of their disputes.

ORDER – 4

precedent "compel[s] the conclusion that, under Washington law, the Arbitration Clause and Class Action Waiver to which it is linked are substantively unconscionable." May 2 Order at 10-11. For that reason, T-Mobile's implicit assertion that Washingtonians cannot participate in the class is puzzling, to say the least. As to potential class members residing in the 47 states whose laws the court has not considered, the May 2 order is silent.

T-Mobile has presented no valid basis for the court to preemptively limit the putative class in this action to California residents. For that reason, the court denies T-Mobile's motion to strike Mr. Zaldivar's nationwide class actions. For the same reason, the court denies T-Mobile's motion for a protective order, which seeks to limit discovery solely to the potential claims of California residents.

Although this order does not resolve Mr. Zaldivar's motion to compel, which raises a variety of particularized discovery disputes, it does foreclose T-Mobile's opposition to that motion to the extent it relies on the mistaken view that this action is currently limited to California subscribers. The court directs the parties to meet and confer again, in light of this order, to see if they can resolve the disputes presented in the motion to compel.

**B.  Counsel Group One and Counsel Group Two Shall Submit Additional Information to Permit the Court to Appoint Interim Class Counsel.**

The court now turns its attention from T-Mobile's contentions to the dispute between Counsel Group One and Counsel Group Two. In the wake of the McNeill and Calloway litigations, Counsel Group One has renewed its motion to serve as interim class counsel. The court now finds it necessary to appoint interim counsel. This is so for two reasons. The first is that Counsel Group One and Counsel Group Two have been unable

ORDER – 5

to agree upon a shared role in representing class members.  The second reason is that the two counsel groups disagree sharply over who belongs in the proposed class.

The court has the discretion, but not the obligation, to appoint interim class counsel in advance of class certification.  Fed. R. Civ. P. 23(g)(3) ("The court *may* designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.") (emphasis added).  When more than one counsel group seeks to represent the class, "the court must appoint the applicant best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).  In considering applicants, the court "may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs."  Fed. R. Civ. P. 23(g)(1)(C).

The parties have submitted information addressing many of the appointment criteria of Rule 23(g).  They have detailed their experience in class action litigation, the qualifications of their attorneys, and the resources of their respective law firms.  Based on those submissions, it appears to the court that both counsel groups could adequately represent the class.

In Rule 23(g)'s command to find counsel that best represents "the interest of the class," the court runs headlong into the differing visions of "the class" that the two counsel groups espouse.  According to Counsel Group Two, the May 2 order "all but forecloses the possibility of the plaintiff in *Zaldivar* representing anything more than a California resident state class."  (Dkt. # 62, at 1).  Counsel Group Two is wrong, for the reasons stated in Part III.A., *supra*.  Nonetheless, Counsel Group Two has chosen, for reasons not apparent from the record, to file three separate litigations in this district.

On the record before the court, it would appear that Counsel Group One seeks to represent a much larger class, one that would encompass the smaller classes proposed in

ORDER – 6

the McNeill and Calloway litigations. In light of this order, both Counsel Group One and Counsel Group Two shall submit a statement addressing which states' class members they intend to represent, and whether they intend to file more class actions asserting the same claims in this district. Counsel shall explain how their respective approaches will best serve the interests of class members.

In addition, both counsel groups shall submit evidence regarding how they will charge the class members they seek to represent as interim counsel. Counsel shall be specific regarding the compensation they intend to seek, and their representations will be binding in the event they ultimately recover on behalf of class members.

Before making the submissions required above, the court orders Counsel Group One and Counsel Group Two to meet and confer to discuss the possibility of sharing representation of the class in this matter. If those discussions do not bear fruit, each counsel group shall also explain, in their submissions to the court, why it would not be in the best interests of the class to appoint joint counsel.

In making these submissions, the counsel groups will likely assert that one counsel group would better serve the interests of class members than the other group. This is appropriate. The court reminds both groups, however, that they can assert their superior ability to represent the class without disparaging each other.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES T-Mobile's motion to strike (Dkt. # 53) and its motion for a protective order (Dkt. # 54). The court RENOTES Mr. Zaldivar's motion for appointment of class counsel (Dkt. # 51) for July 3, 2008.

No later than July 3, 2008, Counsel Group One and Counsel Group Two shall submit statements containing the information the identified in this order. The parties shall file their statements under seal, and may cite this order as the basis for doing so without

ORDER – 7

making the particularized showing that Local Rules W.D. Wash. CR 5(g) requires.  The court will unseal the statements after resolving the motion to appoint class counsel.

In addition, Counsel Group One and T-Mobile's counsel shall meet and confer to address Mr. Zaldivar's pending motion to compel.  Counsel shall, no later than June 27, 2008, inform the court of whether they have resolved or narrowed the disputes presented in that motion.

Dated this 19th day of June, 2008.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 8