HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARCO ZALDIVAR, et al.,

   Plaintiffs,

   v.

T-MOBILE USA, INC.,

   Defendant.

CASE NO. C07-1695 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on case management issues that the court first raised in an August 12, 2008 order (Dkt. # 115), and that the parties addressed in a joint statement on September 11, 2008 (Dkt. # 118). For the reasons stated herein, the court orders Plaintiff Marco Zaldivar to move for class certification no later than November 14, 2008, and issues several instructions for that briefing.

## II. BACKGROUND

Mr. Zaldivar, a California resident, seeks to represent a nationwide class of plaintiffs affected by allegedly unlawful text message billing practices of Defendant T-Mobile USA, Inc. ("T-Mobile"). Mr. Zaldivar has not yet moved to certify a class.

Mr. Zaldivar is not the only plaintiff who has sought to represent a class of customers aggrieved by the same T-Mobile text message billing practices. As the court

ORDER – 1

has detailed in prior orders, including the August 12 order, seven other plaintiffs seeking to represent various classes have filed three other litigations in this District (Case Nos. C07-2090RAJ, C08-731RAJ, C08-863RAJ), all of which have been transferred to this court as related to the instant case.

In all four litigations, three provisions of T-Mobile's form contract with its residential customers have been the focus of attention: a choice-of-law clause applying the customer's home state's law to any dispute, and a class action waiver and arbitration clause that purport to prohibit the customer's participation in a class action and mandate arbitration of disputes. The three clauses together lead to starkly contrasting results depending on the home state of the customer seeking relief. On May 2, 2008, when only two cases were pending, the court denied T-Mobile's motion to compel arbitration of Mr. Zaldivar's claims. Dkt. # 47 (May 2, 2008 order). The court noted that under either California law or Washington law, the class action waiver and arbitration clause were unconscionable and unenforceable. In the same order, the court granted T-Mobile's motion to compel arbitration of the claims of Maria Detweiler, a Florida resident seeking to represent a nationwide class in the second action. The court reached that result by applying Florida law, under which the class action waiver and arbitration clause were valid and enforceable.

The May 2 order set off an avalanche of maneuvering on behalf of T-Mobile, counsel for Mr. Zaldivar, and counsel for Ms. Detweiler. Ms. Detweiler's attorneys filed two more cases, asserting claims on behalf of six putative class representatives from six different states, as well as six statewide classes of similarly-situated customers. At about the same time, T-Mobile moved to strike Mr. Zaldivar's nationwide class allegations, asserting that the court should limit him to representing a class of Californians. Among other things, T-Mobile reasoned that the enforceability of its arbitration clause and class

ORDER – 2

action waiver would turn on state-by-state questions of law[1], and that those questions were inappropriate to resolve on behalf of a nationwide class.

On June 19, the court issued an order (Dkt. # 79) denying T-Mobile's motion to strike. It noted that Mr. Zaldivar had yet to address the effect of state-by-state legal variations on class members' claims. The court rejected the contention that *Lozano v. AT&T Wireless Serv., Inc.*, 504 F.3d 718 (9th Cir. 2007), mandated limiting the class to Californians based solely on the existence of state-by-state questions. At the time, the court had no basis to determine the extent to which state-by-state legal questions would dominate this action.

In the wake of the June 19 order, T-Mobile filed motions to compel arbitration of the claims of five of the six class representatives in the new cases that Ms. Detweiler's counsel filed. T-Mobile attempted to enforce the class action waiver and arbitration clause under the law of the home state of each putative class representative. Ms. Detweiler, meanwhile, petitioned the Ninth Circuit for a writ of mandamus compelling the application of Washington law to her claims. Although the Court of Appeals sought additional briefing on the petition, it has yet to make a decision. Ms. Detweiler's counsel also wrangled with Mr. Zaldivar's counsel over who should represent the putative classes in advance of a class certification ruling.

In the August 12 order, the court appointed Mr. Zaldivar's counsel to serve as interim class counsel. The court noted that the critical factor underlying its decision was Mr. Zaldivar's counsel's intention to seek relief on behalf of a nationwide class, or a class made up of residents of a maximum number of states. Ms. Detweiler's counsel, by

---

[1] Throughout this order, the court uses variations of the phrase "state-by-state questions of law" to refer to legal questions that will require the court to compare the laws of all 50 states (or the 47 it has yet to consider) to rule upon them.

ORDER – 3

contrast, sought to represent the residents of a hodgepodge of six states. In light of its ruling, the court stayed all of the related cases except this one.[2]

The August 12 order also observed that the parties' struggle over the impact of the choice-of-law clause, class action waiver, and arbitration clause was wreaking havoc on case management. At the time, no one had certified or attempted to certify a class. T-Mobile had attempted to enforce the arbitration clause and class action waiver by filing a motion to compel every time a putative class representative from another state appeared in an action. Facing the prospect of eventually considering up to 47 motions to compel arbitration, the court ordered the parties to meet and confer regarding a comprehensive means of addressing the effect of the three clauses on potential class members across the nation. Among other things, the court ordered the parties to discuss whether to resolve arbitrability issues before or after class certification.

In his portion of the joint response to the August 12 order, Mr. Zaldivar explained his multi-tiered strategy for resolving the impact of the three clauses. He proposed first to determine whether "the terms of [T-Mobile's] form contract should be construed to limit absent class members from benefitting from this action," and then to determine whether "Washington's state law applies to all potential absent class members for purposes of analyzing Defendant's arbitration clause, pursuant to Washington's conflict of law analysis." Joint Statement at 5. If unsuccessful in obtaining a favorable ruling on either question, Mr. Zaldivar proposed to address which state's laws would permit him to avoid the effect of the three clauses. *Id.* Only at the conclusion of these three inquiries would he seek class certification.

T-Mobile, for its part, insists that any attempt to resolve the effect of the three clauses on nationwide class members would be improper in advance of class certification.

---

[2] Having lost the opportunity to represent class members in advance of class certification, the six other class representatives who Ms. Detweiler's counsel represented declined to pursue litigation on their own behalf. The court therefore dismissed the two newest litigations without prejudice. Case No. C08-731RAJ, Dkt. # 18; C08-863, Dkt. # 36.

ORDER – 4

It contends that Mr. Zaldivar should be compelled to move for class certification immediately.

### III.  ANALYSIS

T-Mobile has convinced the court that it cannot resolve the enforceability of the three clauses against class members nationwide in advance of class certification.  Unless the court certifies a class, there is no need to consider the effect of those clauses on any customer's claims except Mr. Zaldivar's.  More importantly, any order deciding the arbitrability of claims of customers other than Mr. Zaldivar would be an impermissible advisory opinion.  The court cannot decide the fate of the claims of putative class members other than Mr. Zaldivar unless those persons are formally made part of this action.

The court's decision means that Mr. Zaldivar must move for class certification.  To certify any class, the court must find, among other things, that common questions of law or fact predominate over individualized questions, and that a class action is superior to other methods of adjudicating the class members' claims.  *See* Fed. R. Civ. P. 23(a)(2), 23(b)(3).  When the court declined on June 19 to rule that Mr. Zaldivar could only represent the interests of similarly-situated Californians, it did not have the benefit of his strategy for litigating this action.  That strategy, coupled with the progress of this litigation to date, shows that state-by-state questions regarding the applicability of the three contract clauses predominate this action at the threshold.  An examination of Mr. Zaldivar's three-tiered strategy shows that much of it depends on the resolution of state-by-state legal questions.

As to two of Mr. Zaldivar's inquiries, state-by-state legal questions will predominate, making their resolution on a classwide basis inappropriate.  An inquiry into which of the 50 states' laws would permit customers to avoid the three contract clauses is plainly one in which state-by-state legal questions dominate.  An inquiry into whether Washington law prevails under Washington's choice-of-law rules also requires state-by-

ORDER – 5

state legal analysis. As the court explained in the May 2 order, Washington choice-of-law rules require the proponent of applying another state's law to first identify a conflict of law, and then conduct the appropriate choice-of-law analysis. May 2 order (Dkt. # 47) at 6 (citing *Burnside v. Simpson Paper Co.*, 864 P.2d 937, 942 (Wash. 1994)). T-Mobile's litigation conduct to date demonstrates that it will insist on the application of its customers' home states' laws in accordance with the choice-of-law clause. To determine which states' laws apply, the court will necessarily consider whether Washington law conflicts with the law of each state in which a class member resides. Indeed, depending on the ingenuity of the parties' arguments, the court is likely to need to determine whether each state's law conflicts with Washington's as to several issues.[3]

The remaining inquiry may not require the resolution of state-by-state legal questions. Mr. Zaldivar asks "whether the terms of [T-Mobile's] form contract should be construed to limit absent class members from benefitting from the contract." Because he reserves discussion of choice-of-law rules for a later inquiry, it appears that he does not envision applying those rules in resolving this inquiry. Although the court can foresee several scenarios in which this inquiry devolves into one or more state-by-state legal questions, the court will not prejudge the issue.

In light of this discussion, the court rules as follows:

1) Mr. Zaldivar shall move for class certification no later than November 14, 2008. The parties shall meet and confer regarding an appropriate briefing schedule, but the motions shall be ripe no later than the end of the year.

2) In the class certification motion, Mr. Zaldivar shall explain how he will seek to avoid application of the class action waiver and arbitration clause to class

---

[3] Mr. Zaldivar correctly notes that T-Mobile bears the burden of establishing that another state's law applies. That burden does not arise, however, until there are parties to this litigation to whom another state's law might apply. The court has already resolved the choice-of-law questions applicable to Mr. Zaldivar, the only Plaintiff. When moving for class certification, Mr. Zaldivar must show that common questions of law and fact predominate, and he cannot avoid the impact of looming state-by-state questions of law merely by asserting that T-Mobile will bear the initial burden in resolving those questions after certification.

ORDER – 6

   members nationwide *without* requiring the court to resolve state-by-state legal questions.

3) In the event that Mr. Zaldivar is unable to articulate an approach that could result in resolving the applicability of the three contract clauses to nationwide class members' claims without engaging in a state-by-state legal analysis, the court will not certify a class that contains members who reside outside California. Accordingly, Mr. Zaldivar should direct his class certification briefing both to a nationwide class and a class consisting solely of Californians.

For the sake of clarity, the court reiterates that it holds that Mr. Zaldivar cannot maintain this action on behalf of a nationwide class to the extent that doing so would require the court to resolve state-by-state legal questions to determine the effect of the three contract clauses at issue. The court makes this ruling based on the record in this action and the record in the three related litigations. The court concludes that under Fed. R. Civ. P. 23(b)(3), any state-by-state legal inquiry would render this action inferior to other methods for resolving the claims of T-Mobile customers across the nation.[4]

This order intentionally leaves several issues unresolved. It does not resolve whether Mr. Zaldivar can avoid the three contract clauses without raising state-by-state legal issues. It does not resolve whether Mr. Zaldivar can invoke either Fed. R. Civ. P. 23(b)(1) or 23(b)(2) on behalf of a nationwide class. Finally, it does not address other methods or forums for resolving the claims of T-Mobile customers outside California in the event that the court does not certify a nationwide class.

---

[4] Mr. Zaldivar could lessen the impact of state-by-state legal questions by excluding some states' residents from the class. Mr. Zaldivar eschewed that approach in his effort to be named interim class counsel, and the court appointed his counsel based on that representation. In the event that the court does not certify a nationwide class, the court will consider approaches to pursuing claims of customers in states outside California.

ORDER – 7

## IV. CONCLUSION

For the reasons stated above, the court directs Mr. Zaldivar to file a class certification motion in compliance with this order no later than November 14, 2008. The court notes that Mr. Zaldivar refers to outstanding discovery that may be necessary to support his motion for class certification. Joint Statement at 6. The court resolved the motion targeting that discovery on September 30 (Dkt. # 132), and assumes that there are no outstanding discovery disputes that bear on class certification within the scope of this order. A party who believes otherwise should seek appropriate relief.

DATED this 17th day of October, 2008.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 8