——— FILED         ——— ENTERED
——— LODGED        ——— RECEIVED

OCT 31 2008    RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

THE HONORABLE RICHARD A. JONES

07-CV-01695-OBJ

# UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARCO ZALDIVAR and ROBERT ERIC BURRESS, on Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | No. 07-cv-1695 RAJ<br><br>CLASS ACTION<br><br>FIRST AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Marco Zaldivar and Robert Eric Burress, by and through their attorneys, bring this action on behalf of themselves and all other persons similarly situated in the United States based on knowledge, information and belief formed after an inquiry reasonable under the circumstances, except to those allegations which pertain to the named Plaintiffs or to their attorneys (which are alleged on personal knowledge), and hereby allege as follows:

## I.    NATURE OF ACTION

1.    Plaintiff Zaldivar is a current wireless telephone customer of Defendant T-Mobile USA, Inc. ("T-Mobile"). Plaintiff Burress is a current wireless telephone customer of Defendant T-Mobile.

2.    Plaintiffs seek relief in this action individually, and as a class action on behalf of all current and former non-business T-Mobile wireless service subscribers within the United

FIRST AMENDED COMPLAINT – 1
Case No. 07-cv-1695 RAJ

001993-11 269161 V1

ORIGINAL

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    States who did not contract for text messaging value bundles and who have been improperly

2    charged and paid text-messaging fees ("Class").

3        3.    In the alternative, Plaintiff Zaldivar seeks relief in this action individually, and as

4    a class action on behalf of all current and former non-business T-Mobile wireless service

5    subscribers who are residents of the State of California and who did not contract for text

6    messaging value bundles and who have been improperly charged and paid text messaging fees

7    ("California Class").

8        4.    Defendant publishes rate plans, which advertise a fixed monthly charge for voice

9    and data services.  Defendant's rate plans specify what additional charges, if any, the customers

10   will incur if they exceed the allotted minutes or data amount under the selected rate plan.

11       5.    With respect to text messaging charges, however, Defendant failed, and continues

12   to fail, to clearly and conspicuously disclose to customers that text messaging is an additional

13   mandatory service for which Plaintiffs and the Classes will incur separate and additional charges.

14       6.    Defendant also fails to clearly and conspicuously disclose to Plaintiffs and

15   members of the Classes that, unlike cellular telephone calls, they cannot reasonably avoid being

16   charged for unwanted text messages by not opening or responding to text messages, turning off

17   their phones, or by shutting off the text-messaging function.  Thus, once Plaintiffs and members

18   of the Classes enter into a contract with the Defendant, customers are exposed to unavoidable

19   and unlimited text messaging charges that, given the proliferation of unsolicited messages, can

20   become a material amount of additional charges on a monthly basis.  Plaintiffs and members of

21   the Classes are unable to discontinue their wireless services without incurring an early

22   termination fee, usually in the amount of $200.

23       7.    T-Mobile's unfair and deceptive practices violate Washington's Consumer

24   Protection Act, are a breach of T-Mobile's contract with its subscribers, violates the Federal

25   Communications Act ("FCA"), has unjustly enriched Defendant, and violates both California's

26   Unfair Competition Law, California Business and Professions Code §§ 17200, *et seq.* ("UCL")

FIRST AMENDED COMPLAINT – 2
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 ▪ Seattle, WA 98101
TELEPHONE (206) 623-7292 ▪ FACSIMILE (206) 623-0594

001993-11 269161 V1

1    and Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.* ("CLRA"). Plaintiffs

2    and the Classes have been harmed by Defendant's charging and collecting fees from Plaintiffs

3    and those similarly situated for Defendant's mandatory text messaging service to which Plaintiffs

4    and class members did not agree.

5                **II.**      **JURISDICTION AND VENUE**

6         8.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C.

7    § 1332(d)(2), the Class Action Fairness Act of 2005, and has supplemental jurisdiction pursuant

8    to 28 U.S.C. § 1367.

9         9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because

10    Defendant, T-Mobile, is headquartered and has its principle place of business in this District, a

11    substantial number of the acts and practices complained of herein occurred in this District,

12    agreements that are the subject of this Complaint were entered into in part in this District and

13    Defendant has received substantial compensation as a result of its acts and practices in this

14    District.

15        10.      Unless permanently restrained and enjoined by this Court, Defendant will

16    continue to engage in the acts and practices alleged in this Complaint in this District.

17               **III.**      **PARTIES**

18        11.      Plaintiff Marco Zaldivar is a resident of San Luis Obispo County, California.

19    Plaintiff Zaldivar entered into a contract with Defendant for wireless services in approximately

20    May or June of 2006.

21        12.      Plaintiff Robert Eric Burress is a resident of Skagit County, Washington.  Plaintiff

22    Burress entered into a contract with Defendant for wireless services in approximately December

23    2006.

24        13.      Defendant T-Mobile USA, Inc. is the United States operating entity of T-Mobile

25    International AG & Co., the mobile communications subsidiary of Deutsche Telekom AG & Co.

26    K.G.  T-Mobile USA, Inc's headquarters and principle place of business in the United States is

FIRST AMENDED COMPLAINT – 3
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  in Bellevue, Washington, in the County of King, State of Washington. Defendant T-Mobile has

2  almost 27 million wireless customers in the United States, of which approximately 84% are

3  under contract with T-Mobile. Defendant's standardized marketing materials, conceptualized

4  and drafted in Washington, are disseminated to subscribers, and consumers in general, from over

5  5,700 T-Mobile retail locations throughout the United States.

6  ### IV.   STATEMENT OF FACTS

7      14.    T-Mobile markets and sells wireless telephone service through standardized

8  wireless service plans at various retail locations, online sales and over the telephone. Under each

9  of the wireless service plans, subscribers are sold an allotment of minutes or airtime that they can

10  use each month to make or receive phone calls. The number of airtime minutes allocated to each

11  customer is set according to the particular plan to which the customer subscribes.

12      15.    In addition to the standard voice function of a telephone, current cellular phones

13  can support many additional non-voice services such as short message service for text

14  messaging, e-mail, packet switching for access to the Internet, and multimedia messaging service

15  for sending and receiving photos and video.

16      16.    Without clear and conspicuous disclosure, or an express agreement, Defendant's

17  service includes a mandatory text messaging function for all users, for which subscribers will

18  incur an additional per message charge. Defendant charges subscribers for both the receipt and

19  the sending of text messages. A T-Mobile subscriber is also charged for the receipt of a text

20  message even if the unwanted text message is never opened.

21      17.    Unlike cellular telephone calls, text messages cannot be rejected or dismissed by

22  the recipient. A T-Mobile subscriber cannot avoid text messaging charges by turning off his or

23  her cellular telephone. If a subscriber turns off his or her phone, the text message is then simply

24  queued until the subscriber turns his or her phone back on. At that point, T-Mobile delivers the

25  queued message and a subscriber is charged.

26

FIRST AMENDED COMPLAINT – 4
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001993-11 269161 V1

1    18.    T-Mobile subscribers are unable to turn off the text-messaging function

2    completely. According to T-Mobile, the "text messaging feature on . . . [a subscriber's] account

3    is a mandatory feature and cannot be removed due to system requirements." On information and

4    belief, other major carriers such as Verizon Wireless, Sprint Nextel Corporation, AT&T Inc. and

5    Alltel Corporation, all allow their subscribers to turn off the text messaging function in its

6    entirety, to avoid incurring unwanted charges.

7    19.    T-Mobile's marketing and sales materials do not clearly and conspicuously

8    disclose that subscribers will be charged extra fees for the mandatory text messaging function.

9    In marketing and sales material available in T-Mobile's stores, entitled "Pricing – All of our

10   services and costs, all in one place," T-Mobile lists the name and features of individual or

11   "family" (multi-line) wireless plans, including (a) the number of "whenever" minutes available,

12   (b) the number of weekend and night minutes available, (c) the number of minutes to the five

13   people identified by their subscriber as his or her "favorites," and (d) the monthly cost for the

14   plan.

15   20.    T-Mobile's online sales and marketing materials similarly do not disclose that

16   subscribers will be charged extra fees for the mandatory text messaging function. The online

17   sales and marketing materials list the name and features of the individual or "family" (multi-line)

18   wireless plans, including (a) the number of "whenever" minutes available, (b) the number of

19   weekend and night minutes available, (c) the number of minutes to the five people identified by

20   that subscriber as his or her "favorites," and (d) the monthly cost for the plan.

21   21.    Both T-Mobile's online and in-store sales and marketing materials describe

22   T-Mobile's text messaging function as a separate optional service with a separate charge. For

23   example, T-Mobile's in-store materials list as a possible addition to any individual plan, "a

24   domestic Messaging Value Bundle for as little as $4.99/month."

25   22.    T-Mobile fails to disclose or discloses in a misleading manner that the text

26   messaging feature is a mandatory feature of T-Mobile's service that cannot be turned off, and for



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   which the subscriber will incur a charge (generally between $0.10 - $0.15) for every message

2   sent or received, even if the subscriber declines to purchase an additional messaging service plan.

3         23.    Once a subscriber has entered into a contract with the Defendant, he or she has no

4   choice but to continue the receipt of text messages. The vast majority of wireless service plans

5   offered by Defendant require that customers enter into a two (2) year contract with the

6   Defendant. If a customer decides to terminate his or her contract with Defendant prior to the

7   expiration of the two (2) year period, subscribers are required, as a term and condition of the

8   contract, to pay an early termination fee of $200 per telephone number, regardless of the reason

9   for which the customer is cancelling. Alternatively, a customer must continue paying for the

10  unwanted service until the expiration of the contract term – incurring unlimited charges for text

11  messages.

12        24.    Defendant's wireless service agreements are distributed on a standard form

13  printed contract. Defendant's form contract was prepared by the Defendant and presented to

14  Plaintiffs and members of the Classes on a "take it or leave it" basis. No individual consumer or

15  class member is able to separately negotiate or modify any term of the agreement with the

16  Defendant. Rather, subscribers may only adhere to the proposed contract or reject it.

17        25.    No true equality of bargaining power exists between Defendant and any

18  individual consumer or class member. This unequal bargaining power precludes any individual

19  from enjoying a meaningful opportunity to negotiate and choose the terms of the contract.

20        26.    By its policies and practices, Defendant is improperly charging large numbers of

21  customers for small amounts of money. In doing so, Defendant attempts to effectively eliminate

22  redress for its illegal conduct by inserting unconscionable terms into its boilerplate adhesion

23  contracts, such as arbitration clauses that purport to bar class actions entirely. Such terms, if

24  enforced, frustrate Washington State's policy favoring aggregation of small claims for purposes

25  of efficiency, deterrence, and access to justice and thereby injure Plaintiffs and the public.

26

FIRST AMENDED COMPLAINT – 6
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001993-11  269161 V1

1        27.     In or about June 2006, Plaintiff Zaldivar entered into a two year service

2    agreement with Defendant. The agreement was for service on four wireless telephones, for

3    Plaintiff Zaldivar, his wife and his two children. Plaintiff Zaldivar's initial service contract

4    included a charge for text messaging; he was informed he could immediately cancel this charge

5    by calling T-Mobile. Plaintiff Zaldivar called T-Mobile in order to cancel any subscription for

6    text messaging. Plaintiff Zaldivar understood that by cancelling the initial text messaging

7    service, he would no longer be charged for the unwanted text messaging service on his

8    telephones.

9        28.     At the time he agreed to wireless service with Defendant, Plaintiff Zaldivar was

10   not aware that text messaging was a mandatory feature of his service with T-Mobile. Plaintiff

11   Zaldivar believed that text messaging was a separate service, which was not a part of Plaintiff's

12   contract with Defendant. Had Plaintiff Zaldivar been fully informed that text messaging was a

13   mandatory provision of the contract with T-Mobile that could not be shut-off, Plaintiff Zaldivar

14   would have acted differently in his purchasing decision.

15       29.     In or around September 2007, Plaintiff Zaldivar received a bill from T-Mobile

16   that included charges for text messages on his children's phones. On information and belief, a

17   number of those charges were for unsolicited advertisements to which Plaintiff Zaldivar did not

18   agree. Plaintiff has accordingly been charged, and has paid, fees for the receipt of unwanted text

19   messages, and has been harmed thereby.

20       30.     Plaintiff Zaldivar continues to be subject to unwanted text message charges,

21   despite repeated requests to T-Mobile to disable the text messaging feature on his service.

22   T-Mobile has refused to discontinue the text messaging service. Plaintiff Zaldivar is unable to

23   cancel his contract with Defendant without significant financial penalty, due to the early

24   termination fees in T-Mobile's wireless service agreement.

25

26

FIRST AMENDED COMPLAINT – 7
Case No. 07-cv-1695 RAJ



001993-11 269161 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1       31.    In or about December 2006, Plaintiff Burress entered into a two year service

2  agreement with Defendant. The agreement was for service on two wireless telephones, for

3  Plaintiff Burress' wife and child.

4       32.    At the time he agreed to wireless service with Defendant in December 2006, T-

5  Mobile did not disclose to Plaintiff Burress and he was not aware that text messaging was a

6  mandatory feature of his service with T-Mobile. T-Mobile's practices caused Plaintiff Burress to

7  believe that he did not have to accept T-Mobile's text messaging service. Plaintiff Burress

8  believed that text messaging was a separate service, which was not a part of Plaintiff's contract

9  with Defendant. Had Plaintiff Burress been fully informed that text messaging was a mandatory

10  provision of the contract with T-Mobile that could not be shut-off, Plaintiff Burress would not

11  have entered into the contract with Defendant in December 2006.

12       33.    Beginning in early 2007, Plaintiff Burress began to receive bills from T-Mobile

13  that included charges for text messages on his child's phone. Many of these text messages were

14  unsolicited and unwanted, including text messages to Mr. Burress' child from bullies at school.

15  Despite efforts to stop receiving these unwanted text messages, Plaintiff Burress has been

16  charged, and has paid, fees for the receipt of unwanted text messages, and has been harmed

17  thereby.

18       34.    Plaintiff Burress continues to be subject to unwanted text message charges,

19  despite repeated requests to T-Mobile to disable the text messaging feature on his service.

20  Plaintiff Burress is unable to cancel his contract with Defendant without significant financial

21  penalty, due to the early termination fees in T-Mobile's wireless service agreement.

22       35.    Plaintiffs are not the only T-Mobile customers to be surprised by charges for

23  unwanted text messages. Set forth below is a sample of complaints found on the Internet:

24           Posted By: JNOEL on 1/8/2006

25           Location: Lapeer, MI

26

FIRST AMENDED COMPLAINT – 8
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001993-11 269161 V1

I was charged sometimes $9 & $10 per <u>text messages</u> for messages I did not want or even read. I downloaded a ringer from T-Mobile and the company that created the ringer has a deal with T-Mobile where they can send me text messages, charge T-Mobile and then T-Mobile charges me.

For almost 6 months I have been asking T-Mobile to help me stop the text messages. I was told that they we[re] unaware of who the company was and that they could not de-activate my text messaging feature. So whether I read the messages or not I was being charged for every one. I finally got the number to this company called m-Qube and they confirmed that they have an agreement with <u>T-Mobile</u> and T-Mobile is their biggest customer. T-Mobile regulates and gives them authorization to send the messages. I have been lied to and taken advantage of for months now and I want to cancel my service. I should be to cancel without incurring a cancellation fee. I will not conduct business with a company I cannot trust.

http://www.my3cents.com/showReview.cgi?id=11921

36.    Other complaints found on the internet state:

This is particularly bad for T-Mobile customers. T-Mobile frequently sends "company alert" text messages to all its customers. And unlike most other services, T-Mobile will refuse to cancel text messaging on your account.

"T-Mobile keeps billing me for incoming text messages," William of Mt. Morris, Mich. wrote. "I have no control over these and shouldn't be billed for them. One message was from a third party selling something. Another was from T-Mobile. I called, but they won't take the charges off. Furthermore, they refused to block text messaging on my account."

The great majority of ConsumerAffairs.Com complaints are from parents whose children decided to use text messaging or scour the Internet from their cell phone.

"We purchased a plan for our daughter who was entering college," Charlene of Greenville, Miss. wrote. "When the first bill came it was for over $600. The text messaging option is the main means of communication for my daughter. We had been charged for each incoming and outgoing text message – 10 cents per message."

Belkis of New York is a single mother with two children. In April her children browsed the Internet and downloaded a ringtone with her cell phone. Her bill was $80 higher than normal that month.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    Shelly Ng of Illinois, who says she was recently hit by text spam,
     was shocked when her seemingly simple request was rejected by a
2    T-Mobile customer service representative.

3    "I asked them to turn off my texting capability because I don't text.
     They refused, claiming that their technology does not allow them
4    to do so," Ng said.

5    Even worse, the agent then tried to sell her on a text message plan
     for $4.95 per month. "I got so mad," she said.
6
7    Ultimately, T-Mobile gave her 15 free messages as a credit toward
     future spam. But the basic problem remains: Ultimately, Ng will
     again be charged 15 cents apiece for messages she doesn't want.
8
9    37.    T-Mobile representatives admit that this practice occurs:

10    David Henderson, a T-Mobile spokesman, confirmed that
      T-Mobile users cannot turn off texting for technical reasons.

11    ***"The text messaging feature on your account is actually a***
      ***mandatory feature and cannot be removed," he said. "This***
12    ***feature is needed because it's where voice mail and billing***
      ***notifications are delivered."***
13
14    Henderson said the problem of text spam is minimal because
      T-Mobile uses sophisticated spam software and allows consumers
15    to add their own text filters on T-Mobile's Web site. The recent
      Fredericks spam, for example, didn't reach T-Mobile customers,
16    he said. [Emphasis added.]

17          V.    CLASS ACTION ALLEGATIONS

18    38.    Pursuant to Rule 23(b)(1), (2) and 23(b)(3) of the Federal Rules of Civil

19    Procedure, Plaintiffs bring this class action on their own behalf and as a representative of a Class

20    of similarly situated consumers who were all subjected to Defendant's unlawful practices.

21    Plaintiffs seek to apply federal and Washington law to a nationwide class of subscribers.

22    39.    Plaintiffs seek to certify a Class of T-Mobile subscribers defined as:

23    All current and former non-business T-Mobile wireless service
      subscribers within the United States who did not contract for text
24    messaging value bundles and who have been improperly charged
      and paid text messaging fees.

25    Excluded from the Class are Defendant, its employees, any entities in which Defendant has a

26    controlling interest, its legal representatives, heirs, successors and assigns.

FIRST AMENDED COMPLAINT – 10
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001993-11 269161 V1

1    40.    Plaintiff Zaldivar brings this action, in the alternative, on his own behalf and on

2  behalf of a California Class pursuant to Rule 23(b)(1), (2) and 23(b)(3) of the Federal Rules of

3  Civil Procedure, and California Civil Code § 1781. Plaintiff Zaldivar seeks to certify a

4  California Class of T-Mobile subscribers defined as:

5           All current and former non-business T-Mobile wireless service
            subscribers who are residents of the state of California who did not
6           contract for text messaging value bundles and who have been
            improperly charged and paid text messaging fees.

7    41.    Numerosity of the Classes: The Classes are composed of thousands of persons

8  who subscribe to T-Mobile, the joinder of which in one action would be impracticable. The

9  disposition of these claims through this class action will benefit the parties and the Court. The

10 identities of individual members of the Classes are ascertainable through Defendant's business

11 records.

12   42.    Existence and Predominance of Common Questions of Fact and Law: There is a

13 well-defined community of interest in the questions of law and fact involved affecting the

14 members of the Classes. The questions of law and fact common to the Classes predominate over

15 questions affecting only individual members of the Classes, and include, but are not limited to,

16 the following:

17           (a)    the nature of Defendant's practices and policies concerning text

18 messaging;

19           (b)    whether Defendant's practices concerning text messaging violate

20 Washington's consumer protection laws;

21           (c)    whether Defendant's practices concerning text messaging violate

22 California's consumer protection laws;

23           (d)    whether Defendant's practices concerning text messaging are a breach of

24 contract with Plaintiffs and Class members;

25

26

FIRST AMENDED COMPLAINT – 11
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

001990-11 269161 V1

1           (e)     whether Defendant has been unjustly enriched through its practices and

2    policies concerning text messages;

3           (f)     whether Plaintiffs and Class members are entitled to restitution of all

4    amounts acquired by Defendant resulting from its unlawful practices;

5           (g)     whether Plaintiffs and Class members are entitled to recover actual and/or

6    compensatory damages as a result of Defendant's unlawful practices; and

7           (h)     whether Plaintiffs and Class members are entitled to an award of

8    reasonable attorneys' fees, prejudgment interest, and costs of this suit.

9        43.    Typicality:  Having been a victim of Defendant's unlawful business practices,

10   Plaintiffs are asserting claims typical of the Classes they seek to represent.  Plaintiffs and all

11   members of the Classes, have similarly suffered harm arising from Defendant's violations of

12   law, as alleged herein.

13       44.    Adequacy of Representation:  Plaintiffs are adequate representatives of the

14   Classes because their interests do not conflict with the interests of the class members they seek to

15   represent.  Plaintiffs will fairly and adequately represent and protect the interests of the Classes

16   because their interests are not antagonistic to that of the Classes.  Plaintiffs have retained counsel

17   who are competent and experienced in prosecution of class action litigation.

18       45.    Superiority:  The class action is superior to other available means for the fair and

19   efficient adjudication of Plaintiffs' and class members' claims and no unusual difficulties are

20   likely to be encountered in the management of this class action.  Plaintiffs and the members of

21   the Classes have suffered irreparable harm as a result of Defendant's unfair and unlawful

22   conduct.  Because of the size of the individual class members' claims, few, if any, class members

23   could afford to seek legal redress for the wrongs complained of herein.  Absent the class action,

24   the members of the Classes will continue to suffer losses.  Moreover, the violations of law

25   described herein will continue without remedy, and Defendant will be permitted to retain the

26

FIRST AMENDED COMPLAINT – 12
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    proceeds of its misdeeds.  Defendant continues to deny wrongdoing and to engage in the

2    unlawful and unfair conduct as described in this Complaint.

3         46.    This action is also properly certified under the provisions of Federal Rule of Civil

4    Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3) because:

5              (a)    The prosecution of separate actions by individual members of the Classes

6    would create a risk of inconsistent or varying adjudications with respect to individual members

7    of the Classes, thus establishing incompatible standards of conduct for Defendant's activities;

8              (b)    Due to the nature of the relief sought, the prosecution of separate actions

9    by individual members of the Classes would create a risk of adjudications with respect to them

10   that would, as a practical matter, be dispositive of the interests of the other members of the class

11   not parties to such adjudications or would substantially impair or impede the ability of such

12   members of the class to protect their interests; and

13             (c)    By failing to make the written disclosures required by applicable laws or

14   by improperly charging Plaintiffs and the Classes fees for text messaging, Defendant has acted or

15   refused to act in respects generally applicable to the Classes, thereby making appropriate final

16   injunctive relief with regard to the members of the Classes as a whole in terms of the nature of

17   the relief sought.

18                                 **COUNT I**

19                          **BREACH OF CONTRACT**

20        47.    Plaintiffs and the Class incorporate by reference the preceding paragraphs as if

21   fully set forth herein.  Plaintiffs assert this claim on behalf of themselves and members of the

22   Class.

23        48.    Plaintiffs and the members of the Class entered into a contract both express and

24   implied with the Defendant.  Defendant offered to provide wireless phone service in

25   consideration of payment for services from the Plaintiffs and the Class.  Under the terms of the

26   agreement, Plaintiffs and the members of the Class were required to pay in full the agreed-to

FIRST AMENDED COMPLAINT – 13
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  charges submitted to them on their bills.  Failure to pay in full would result in a breach of

2  contract and discontinuance of wireless telephone service, accrued interest and a cancellation fee.

3       49.    Plaintiffs and the members of the Class accepted the offer of services from

4  Defendant and performed their portion of the contract.

5       50.    The express and implied terms of the contract were that Defendant would only

6  charge the contractually agreed-upon charges.

7       51.    Defendant has charged Plaintiffs and members of the Class for text messaging to

8  which Plaintiffs and members of the Class did not agree, in breach of their contract.

9       52.    Plaintiffs and the Class did not voluntarily pay these charges.  Once a contract

10  was agreed to between Plaintiffs, the Class and Defendant, Plaintiffs and the Class had no means

11  by which to prevent these charges.  Each contract between Defendant and Class members

12  requires either a one or two year commitment by Plaintiffs or the Class member.  Defendant's

13  standardized contract imposes a $200 termination fee for any consumer who terminates their

14  service with Defendant prior to the expiration of the agreement, regardless of the reason.

15       53.    Defendant breached its contract with Plaintiffs and Class members by improperly

16  charging and collecting fees for text messaging, to which Plaintiffs and the Class did not agree.

17       54.    As a direct and proximate result of Defendant's breach of contract, Plaintiffs and

18  the members of the Class have suffered monetary damages in an amount to be proven at the time

19  of trial.

20  **COUNT II**

21  **VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT**

22       55.    Plaintiffs and the Class incorporate by reference the preceding paragraphs as if

23  fully set forth herein.  Plaintiffs assert this claim on behalf of themselves and members of the

24  Class.

25       56.    The Washington Consumer Protection Act, RCW 19.86.010, *et seq.* applies to

26  protect all consumers in other states because the false and/or deceptive acts or practices



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  | originated and were carried out in Defendant's corporate headquarters, located in Bellevue,

2  | Washington.

3  |     57.    Defendant violated the Washington Consumer Protection Act, RCW 19.86.010, *et*

4  | *seq.*, by engaging in the following false and deceptive trade practices:

5  |     (a)    Falsely advertising a rate plan that Defendant did not honor;

6  |     (b)    Deceptively advertising and inducing Plaintiffs and the Class to sign up

7  | for a rate plan that Defendant did not honor;

8  |     (c)    Billing Plaintiffs and the Class for text messaging charges to which they

9  | did not agree;

10 |     (d)    Failing to properly notify or advise Plaintiffs and the Class that they were

11 | not contractually liable to pay certain fees for text messaging;

12 |     (e)    Failing to notify Plaintiffs and the Class of their right to terminate the

13 | contract without penalty due to Defendant's breach;

14 |     (f)    Failing to properly notify and advise Plaintiffs and the Class of their right

15 | to reimbursement for improper charges;

16 |     (g)    Failing to reimburse Plaintiffs and the Class promptly for improper text

17 | messaging charges collected; and

18 |     (h)    Retaining money unlawfully collected from Plaintiffs and the Class and

19 | thereby damaging Plaintiffs and the Class.

20 |     58.    Defendant intended for Plaintiffs and the Class to rely on Defendant's advertising

21 | and inducements and select its wireless service.

22 |     59.    Defendant intended for Plaintiffs and the Class to be deceived by Defendant's

23 | failure to disclose that text messaging was a mandatory service for which Plaintiffs and the Class

24 | would incur a separate charge.  Defendant also intended that Plaintiffs and the Class would be

25 | deceived and would promptly pay the wrongful charges.

26 |



1    60.    Plaintiffs and the Class in fact relied upon Defendant's advertisements and

2 inducements and selected Defendant's wireless services.  Plaintiffs and the Class relied upon

3 Defendant's false and deceptive notices and billing statements and paid the unlawful charges to

4 Defendant.

5    61.    Defendant is guilty of violating Washington's Consumer Protection Act, as the

6 unfair and deceptive acts or practices in the conduct of any trade or commerce and unlawful

7 under RCW 19.86.020.

8    62.    As a direct and proximate result of Defendant's false and deceptive advertising,

9 inducements, notices and billing statements, Plaintiffs and the members of the Class were

10 damaged.

11    63.    The false and deceptive advertising, inducements, notices and billing statements

12 occurred in the course of business and commerce, as Defendant is in the business of providing

13 wireless telephone services to Plaintiffs and the members of the Class.  Defendant's conduct is a

14 part of a pattern or generalized course of conduct repeated on thousands of occasions.

15    64.    The above-described false and deceptive trade practices affect the public interest

16 and have the potential for continuation and repetition, adversely affecting the public interest

17 unless redressed.

18                                **COUNT III**

19                          **UNJUST ENRICHMENT**

20    65.    Plaintiffs and the Class incorporate by reference the preceding paragraphs as if

21 fully set forth herein.  Plaintiffs assert this claim on behalf of themselves and members of the

22 Class.

23    66.    By charging Plaintiffs and members of the Class fees based on text messages to

24 which Plaintiffs and members of the Class did not agree, and which Plaintiffs and members of

25 the Class could not avoid once they became subscribers on Defendant's network, Defendant is

26 retaining money which, in justice and equity, belongs to Plaintiffs and members of the Class.

FIRST AMENDED COMPLAINT – 16
Case No. 07-cv-1695 RAJ

001993-11 269161 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1        67.     Defendant has accordingly been unjustly enriched in these amounts, and must

2  return them to Plaintiffs and the Class.

3  **COUNT IV**

4  **VIOLATION OF FEDERAL COMMUNICATIONS ACT, 47 U.S.C. § 201**

5        68.     Plaintiffs and the Class incorporate by reference the preceding paragraphs as if

6  fully set forth herein.  Plaintiffs assert this claim on behalf of themselves and members of the

7  Class.

8        69.     Defendant is a common carrier engaged in interstate communication by wire for

9  the purpose of furnishing communication services within the meaning of 47 U.S.C. § 201(a) of

10  the FCA.

11        70.     Defendant's conduct, as alleged herein, violates section 47 U.S.C. § 201(b),

12  which prohibits "unjust and unreasonable" practices and charges.

13        71.     By systematically billing customers in the unjust, unfair, unreasonable and

14  deceptive manner set forth herein, Defendant has unlawfully collected money from Plaintiffs and

15  the Class and Plaintiffs and the Class have thereby been damaged.  Pursuant to 47 U.S.C. §§ 206

16  and 207, Plaintiffs and the Class are entitled to recover sums from Defendant as damages, plus

17  attorneys' fees and costs.

18  **COUNT V**

19  **VIOLATIONS OF THE CALIFORNIA'S CLRA**

20        72.     Plaintiff Zaldivar and the California Class incorporate by reference the preceding

21  paragraphs as if fully set forth herein.  Plaintiff Zaldivar asserts this claim on behalf of himself

22  and the members of the California Class.

23        73.     By its wrongful conduct as alleged herein, Defendant has engaged in unfair

24  methods of competition and unfair or deceptive acts or practices intended to result in the sale of

25  goods and services in violation of California Civil Code § 1770, including but not limited to

26  inserting an unconscionable provision in the contract in violation of section 1770(a)(19).



1  Defendant's contract requires Plaintiff Zaldivar and the California Class to pay all charges and

2  fees on their monthly bill, even though Defendant charged Plaintiffs and members of the

3  California Class for text messaging to which they did not agree.

4      74.    Pursuant to California Civil Code § 1780(a), Plaintiff Zaldivar seeks an order

5  enjoining Defendant from engaging in the methods, acts, or practices alleged herein.  Pursuant to

6  California Civil Code § 1782, if Defendant does not rectify its illegal acts within 30 days,

7  Plaintiff Zaldivar intends to amend this complaint request the following relief: a) actual

8  damages; b) restitution of money to Plaintiff Zaldivar and class members; c) punitive damages;

9  d) attorneys' fees and costs; and e) other relief that this Court deems proper.

10  **COUNT VI**

11  **CALIFORNIA'S BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ*.**

12      75.    Plaintiff Zaldivar and the California Class incorporate by reference the preceding

13  paragraphs as if fully set forth herein.  Plaintiff Zaldivar asserts this claim on behalf of himself

14  and the members of the California Class.

15      76.    Defendant's acts and practices constitute unfair, deceptive and unlawful business

16  acts practices in violation of California Business & Professions Code §§ 17200, *et seq.*

17      77.    Plaintiff Zaldivar has suffered injury in fact and lost money as a result of

18  Defendant's unfair, deceptive and unlawful business practices.  T-Mobile's practices caused

19  Plaintiff Zaldivar to believe he did not have to accept T-Mobile's text messaging service.

20  Plaintiff Zaldivar paid money for text messaging, which was a service that he did not want.  He

21  has therefore, suffered injury in fact.  Plaintiff Zaldivar actually relied on Defendant's practices

22  in making his purchasing decision.  Plaintiff Zaldivar would not have entered into a contract with

23  Defendant had T-Mobile informed Plaintiff Zaldivar he could not stop the text messaging service

24  and would be subject to unlimited charges for the unwanted service.

25      78.    The above-described unfair, deceptive and unlawful business practices present an

26  ongoing threat of continuing injury to Plaintiff Zaldivar, members of the Class and the general



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   public. Among other things, Plaintiff Zaldivar, members of the Class and the general public

2   continue to be financially disadvantaged by such conduct. Thus, such wrongful conduct is

3   continuing and, unless Defendant is restrained, it will continue to engage in such conduct.

4         79.     Pursuant to California Business & Professions Code § 17203, Plaintiff Zaldivar

5   and members of the California Class, individually and on behalf of the public, seek an order of

6   this Court enjoining Defendant from continuing its unfair, unlawful and/or deceptive business

7   acts or practices in the State of California and elsewhere. The public, Plaintiff Zaldivar and

8   members of the California Class will be irreparably harmed if such an order is not granted.

9         80.     Further, Plaintiff Zaldivar and members of the California Class seek restitution

10   and disgorgement of profits realized by Defendant as a result of Defendant's unfair, unlawful

11   and/or deceptive business practices.

12               **VI.    PRAYER FOR RELIEF**

13        WHEREFORE, Plaintiffs on behalf of himself and on behalf of the Class, pray:

14        A.     For an order certifying the Classes, and appointing Plaintiffs and their

15   undersigned counsel of record to represent the Classes;

16        B.     For a permanent injunction enjoining Defendant, their partners, joint ventures,

17   subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them

18   directly or indirectly, or in any manner, from in any way engaging in the unfair practices set

19   forth herein;

20        C.     For actual, compensatory damages and/or full restitution of all funds acquired

21   from Defendant's unfair business practices;

22        D.     For treble damages up to the maximum amount permitted by law;

23        E.     For the costs of suit herein;

24        F.     For pre- and post-judgment interest on any amounts awarded;

25        G.     For payment of reasonable attorneys' fees, expert fees; and

26

FIRST AMENDED COMPLAINT – 19
Case No. 07-cv-1695 RAJ



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001993-11 269161 V1

1       H.     For such other and further equitable or legal relief, which the Court may deem

2   proper.

3   **DEMAND FOR JURY TRIAL**

4      Plaintiffs hereby demands a trial by jury.

5   DATED:  October 31, 2008

6                       HAGENS BERMAN SOBOL SHAPIRO LLP

7

8                       By _____

9                            STEVE W. BERMAN (WSBA #12536)

10                      1301 Fifth Avenue, Suite 2900

11                      Seattle, WA  98101
    Telephone: (206) 623-7292

12                      Facsimile: (206) 623-0594
    steve@hbsslaw.com

13

14                      Jeff D. Friedman (*Pro Hac Vice*)
    Shana E. Scarlett (*Pro Hac Vice*)

15                      HAGENS BERMAN SOBOL SHAPIRO LLP
    715 Hearst Avenue, Suite 202

16                      Berkeley, CA  94710
    Telephone: (510) 725-3000

17                      Facsimile: (510) 725-3001
    jefff@hbsslaw.com

18                      shanas@hbsslaw.com

19                      Attorneys for Plaintiffs

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT – 20
Case No. 07-cv-1695 RAJ



**DECLARATION OF SERVICE BY OVERNIGHT DELIVERY AND E-MAIL**

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a resident of the United States and employed in the City of Berkeley, in the County of Alameda, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 715 Hearst Avenue, Suite 202, Berkeley, California 94710.

2. That on October 31, 2008, declarant served by overnight delivery, via United Parcel Service, Inc., the FILE FIRST AMENDED COMPLAINT to the parties listed on the attached Service List.

3. That on October 31, 2008, declarant served by e-mail the FIRST AMENDED COMPLAINT to the parties listed on the attached Service List.

4. That there is regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 31st day of October 2008, at Berkeley, California.



_____
NANCY QUON

FIRST AMENDED COMPLAINT – 21
Case No. 07-cv-1695 RAJ

001993-11 269161 V1

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

*Zaldivar v. T-Mobile USA, Inc.*
USDC WD Wash., Case No. C 07-1695 RAJ

Service List
October 31, 2008

**Counsel for Defendant**

Scott A.W. Johnson
Shelley Hall
Karolyn Hicks
STOKES LAWRENCE, P.S.
800 Fifth Avenue, Suite 4000
Seattle, WA 98104
Telephone: (206) 626-6000
Facsimile: (206) 464-1496
scott.johnson@stokeslaw.com
shelley.hall@stokeslaw.com
karolyn.hicks@stokeslaw.com

Attorneys for Defendant T-Mobile USA, Inc.

**VIA E-MAIL AND OVERNIGHT DELIVERY**