HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCO ZALDIVAR, and ROBERT ERIC BURRESS, on Behalf of Themselves and Others Similarly Situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>T-MOBILE USA, INC.,<br><br>           Defendant. | Case No.:  C 07-1695 RAJ<br><br>ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT |

This matter comes before the court on the parties' motion (Dkt. # 161) for preliminary approval of a settlement of this class action. The court has considered this motion once before, in an order (Dkt. # 165) issued on July 10, 2009. In that order, the court requested additional information from the parties before deciding whether to approve their settlement. The parties have now provided updated information (Dkt. # 166). This order incorporates the July 10 order, and the court will not repeat its analysis from that order except as necessary. For the reasons stated below, the court GRANTS the motion for preliminary approval.

The court's most significant concern was that the value of the proposed settlement to *former* T-Mobile subscribers in the proposed class was questionable. Most of the relief the settlement would award to class members is in the form of reformed T-Mobile text message

1  marketing and billing practices.  That relief benefits current T-Mobile subscribers, but is of no
2  obvious benefit to former subscribers.

3        The parties' supplemental information places this concern in sharp relief.  About half of
4  the five million members of the proposed class are former T-Mobile subscribers.  As the court
5  noted in its prior order, those class members are least likely to receive notice of this settlement
6  under the plan the parties crafted, and they receive the least benefit from the settlement.  The
7  parties have demonstrated, however, that even under generous assumptions, the average damages
8  that each class member suffered from T-Mobile's challenged practices is just over one dollar.  In
9  exchange for giving up their small (on average) damage claims, former subscribers can claim a
10 hand in forcing T-Mobile to pay $200,000 to a charitable foundation as a *cy pres* payment, can
11 claim a role in forcing T-Mobile to reform its text messaging practices, and could, if they chose,
12 benefit from those practices if they returned to T-Mobile.  The court does not suggest that these
13 benefits collectively amount to very much, but in comparison to the small (on average) claims
14 that former subscribers will release in the settlement, the court deems them sufficient.  That a
15 very small number of former subscribers with more significant damage claims may not receive
16 notice of this settlement and a chance to opt out is unfortunate, but the court views it as a
17 reasonable detriment when compared to the settlement's benefits as a whole.

18       The prior order also questioned the parties' plan for less-than-formal notice to class
19 members.  In response, the parties have convincingly demonstrated that the costs of a more
20 comprehensive notice plan would greatly increase the costs of the settlement.  In the court's
21 view, the parties' informal notice plan (billing inserts to current customers, advertisements in
22 two national newspapers, and a website) will provide reasonable notice under these
23 circumstances.

24       Finally, the prior order questioned the parties' calculations of damages.  The parties have
25 supplemented their evidence, and have demonstrated that even under assumptions that favor
26 class members, the average damages to each class member are small.  The parties do not
27 acknowledge that a small (perhaps very small) portion of class members will have damages that

ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT
CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT - C 07-1695 RAJ
-2-

greatly exceed the average, but the court finds that this issue can be addressed by additional disclosure.

The court has reviewed the parties' proposed notices for the settlement website, newspapers, and billing inserts. Dkt. # 166, Exs. A-C. Several minor modifications are necessary. First, the notices often state that: "The parties estimate that the average potential recovery for a class member who won at trial would range from approximately $0.07 to $1.17." Sometimes the notices use variations of the same sentence. The court directs the parties to add the following sentence after each occurrence of this language. "These are merely average estimates, and some class members may have larger damage claims, depending on the number of unwanted text messages they received." Additionally, the website version of the notice contains a grammatical error in the second sentence of paragraph number one, which begins "You may have legal rights and options . . . ." The parties shall correct the error. Finally, the parties shall insert dates and times into the notice in accordance with approval dates that the court has inserted in numbered paragraphs 8-11, 16-18, and 21 below. Other than the addition of those dates, the remainder of this order reproduces the parties' proposed preliminary approval order.

WHEREAS, Marco Zaldivar and Robert Eric Burress ("Plaintiffs"), on behalf of themselves and the proposed stipulated settlement class ("Settlement Class"), and defendant T-Mobile USA, Inc. ("T-Mobile") have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle this litigation upon the terms as set forth in the Stipulation of Settlement.

WHEREAS, this Court has reviewed and considered the Stipulation of Settlement ("Stipulation") entered into among the parties, together with all exhibits thereto, the record in this case, and the briefs and arguments of counsel;

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

NOW, THEREFORE, based upon the files, records and proceedings herein, and it appearing to the Court that a hearing should be held on notice to the Settlement Class of the

ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT
CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT - C 07-1695 RAJ


1 proposed settlement to determine finally if the terms of the settlement are fair, reasonable and

2 adequate;

3      **IT IS HEREBY ORDERED THAT:**

4      1.    All terms and definitions used herein have the same meanings as set forth in the

5 Stipulation.

6      2.    The proposed settlement set forth in the Stipulation is hereby preliminarily

7 approved as being within the range of reasonableness such that notice thereof should be given to

8 members of the Settlement Class.

9      3.    For purposes of determining whether the terms of the settlement should be finally

10 approved as fair, reasonable and adequate, a Settlement Class is provisionally certified pursuant

11 to Rule 23(b)(2) for purposes of this settlement as consisting of:

> All current and former T-Mobile subscribers in the United States who are or were parties to a contract for a wireless telephone personal account and who never sent a text message but received, were charged for and paid for text messages while not on a rate plan or value bundle plan that included a fixed or unlimited number of text messages per month, at any time during the period October 1, 2003, to the date of the Preliminary Approval Order.

16      4.    Plaintiffs are hereby found to be adequate and are therefore appointed as

17 representatives of the Settlement Class and the following counsel are hereby found to be

18 adequate and are hereby appointed as counsel for the Class:

> HAGENS BERMAN SOBOL SHAPIRO LLP
> Steve W. Berman
> 1301 Fifth Avenue, Suite 2900
> Seattle, WA  98101
>
> HAGENS BERMAN SOBOL SHAPIRO LLP
> Jeff D. Friedman
> Shana E. Scarlett
> 715 Hearst Avenue, Suite 202
> Berkeley, CA 94710

25      5.    If final approval of the settlement is not obtained, this certification order,

26 including the above description of the Settlement Class and appointment of the representatives

27

ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT
CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT - C 07-1695 RAJ

and class counsel, shall be vacated and this action shall proceed as though the certification and appointments never occurred.

6. Pending final determination of whether the settlement should be approved, neither Plaintiffs nor any member of the Settlement Class, whether directly, indirectly, representatively or in any other capacity shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims herein against T-Mobile.

7. The bill stuffer Notice of Pendency and Settlement of Class Action ("Bill Stuffer), the full Notice of Pendency and Settlement of Class Action ("Class Notice") to be posted on the content neutral settlement website, and the summary Notice of Pendency and Settlement of Class Action ("Summary Notice"), (as revised at Dkt. # 166, Exs. A-C) are hereby approved as to form (collectively "Notice").

8. T-Mobile has agreed to mail the Bill Stuffer to Settlement Class members who are current T-Mobile subscribers as an insert in the subscribers' bills with such mailing to be completed on or before December 18, 2009.

9. T-Mobile has agreed to post the Class Notice on a content neutral website. The Class Notice shall be posted on the website on or before October 9, 2009, and shall remain there until the court enters final judgment in this action.

10. T-Mobile has agreed to have the Summary Notice published on or before October 16, 2009, for the first publication, and on or before October 23, 2009, for the second publication. Notice will be published in the following newspapers of general circulation: (1) *USA Today*, national edition; and (2) *The New York Times*, national edition.

11. T-Mobile has agreed to mail the Class Notice to the attorneys general of each state and the United States Attorney General, as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), on or before September 21, 2009.

12. Class Counsel shall monitor and track those Settlement Class members seeking exclusion or objecting to the proposed settlement.

ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT
CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT - C 07-1695 RAJ

13. T-Mobile shall pay all costs associated with providing Notice to the Settlement Class.

14. T-Mobile is directed to file with the Court and serve upon Class Counsel, prior to the final approval hearing, a declaration confirming that dissemination of Notice has taken place in accordance with this Order.

15. The Court finds that the dissemination of the Notice under the terms and in the format provided for in the Stipulation and this Order is reasonable under the circumstances pursuant to Fed. R. Civ. P. 23(e) and that it is due and sufficient notice for all purposes to all persons entitled to such notice and that it fully satisfies the requirements of due process and all other applicable laws.

16. A hearing (the "Final Approval Hearing") shall be held on March 5 2009, at 10:30 a.m., in the Honorable Richard A. Jones' courtroom, United States District Court, Western District of Washington, to determine whether the proposed settlement of this action should be finally approved as fair, reasonable, and adequate and whether a final judgment approving the settlement and dismissing all claims asserted in the litigation on the merits and with prejudice should be entered. The Final Approval Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the members of the Settlement Class.

17. Objections by any Settlement Class member to the Stipulation shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Approval Hearing only if, on or before January 23, 2010, such objector files with the Clerk of the United States District Court, Western District of Washington: (1) an objection and a statement of the basis for such objection; and (2) if applicable, an entry of appearance. The objector must serve copies of the foregoing and all other papers in support of such objections (including any briefs or declarations) on Class Counsel. In order to be considered, all objections must actually be received by Class Counsel on or before January 23, 2010, at the following address:

HAGENS BERMAN SOBOL SHAPIRO LLP
Jeff D. Friedman
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

A Settlement Class member need not appear at the Final Approval Hearing for the objection to be considered.

18. To be effective, all requests for exclusion from the Settlement Class must (1) be in writing; (2) comply with the provisions of and contain the information requested as set forth in the Class Notice; and (3) be sent to Class Counsel at the address provided above and post-marked on or before January 23, 2010. Plaintiffs shall submit the name, city and state of residence of all Settlement Class members who request exclusion to the Court at the time Plaintiffs file their motion for final approval of the settlement.

19. The settlement on the terms and conditions of the Stipulation of Settlement filed concurrently with the parties' joint motion for preliminary approval is hereby preliminarily approved, but it is not to be deemed an admission of liability or fault by T-Mobile or by any other party or person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by T-Mobile. The settlement is not a concession and shall not be used as an admission of any fault or omission by T-Mobile or any other party or person.

20. Any Settlement Class members may enter an appearance in this action and/or may seek to intervene, individually or through the counsel of their choice and at their expense. Settlement Class members who do not enter an appearance and do not exclude themselves from the Settlement Class will be represented by Class Counsel.

21. Summary of dates and deadlines:

| | |
|---|---|
| Date for mailing notice to government agencies | September 21, 2009 |
| Last day to complete first publication of Notice | October 16, 2009 |
| Last day to complete second publication of Notice | October 23, 2009 |
| Date to complete mailing of Notice to current subscribers | December 18, 2009 |

| | |
|---|---|
| Dates for including Notice on neutral website | Beginning October 9, 2009, and continuing until entry of final judgment |
| Deadline to request exclusion from Settlement Class | January 23, 2010 |
| Deadline for Settlement Class members to file objections | January 23, 2010 |
| Parties to file opening brief for final approval | February 12, 2010 |
| Parties to file reply brief in support of final approval | February 26, 2010 |
| Final Approval Hearing | March 5, 2010 at 10:30 a.m. |

IT IS SO ORDERED.

DATED this 4th day of September, 2009.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge