THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCO ZALDIVAR and ROBERT ERIC BURRESS, on Behalf of Themselves and Others Similarly Situated,<br><br>                            Plaintiffs,<br><br>   v.<br><br>T-MOBILE USA, INC.,<br><br>                            Defendant. | No. 07-cv-1695 RAJ<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

1   This matter came before the court on Plaintiffs' motion (Dkt. # 178) for final approval of
2   the settlement of this class action and Plaintiffs' motion (Dkt. # 179) for attorney fees, costs, and
3   other compensation. Defendant T-Mobile USA, Inc. ("T-Mobile") did not oppose either motion.
4   The court GRANTS both motions.

5   The court notes that after the March 5, 2010 final approval hearing, Plaintiffs' counsel
6   reconsidered their request that the court place their billing records under seal in their entirety.
7   After reconsideration, counsel declined to request that any portion of the records be kept under
8   seal, and filed them publicly. *See* Dkt. # 188. The court accordingly DENIES Plaintiffs' motion
9   (Dkt. # 177) to seal those records.

10  The court has addressed this settlement in two orders issued on July 10, 2009, and
11  September 4, 2009. Those orders contain a complete discussion of the terms of the settlement,
12  the court's concerns with the terms of the settlement, and the reasons that it granted preliminary
13  approval of the settlement. The court will not repeat that discussion here. Instead, the court
14  prefaces this order with a discussion of what it believes to be class members' primary concern
15  with this settlement.

16  Plaintiffs sued to challenge T-Mobile's practices of not allowing customers to disable the
17  text messaging function on their telephones, charging customers for unsolicited text messages,
18  and not adequately disclosing the effect of these policies on customers. The settlement, in
19  summary, provided that on behalf of a class of all current and former customers affected by these
20  practices, T-Mobile would agree to various changes in its text messaging feature, including an
21  option for customers to disable text messaging entirely, would grant credits to customers affected
22  by the previous policies, and would make a $200,000 payment to a charitable foundation. T-
23  Mobile's current and former customers would receive no monetary compensation. Plaintiffs'
24  attorneys, who served as class counsel, would receive up to $725,000 in attorney fees and costs.

25  Millions of T-Mobile customers were notified about the settlement after the court
26  preliminarily approved it. Only five of them requested exclusion from the class or otherwise

objected to the settlement. Class counsel touts this as evidence of class members' widespread approval of the settlement, but the court is less certain. The court finds it more likely that many class members simply declined to invest resources in commenting on a settlement that had little impact on them.

Class members who did object to the settlement, however, offered a complaint that the court suspects many class members shared. In this settlement, class members receive no money, while class counsel receives almost a quarter of a million dollars. The court expects that this result is dissatisfying to many class members, perhaps most of them.

The practices that led to this lawsuit cost most class members between a few cents and a dollar, on average. T-Mobile has not admitted to any wrongdoing, but it agrees with Plaintiffs that to the extent its practices cost its customers money, it cost them very little on average. Almost no one would file a lawsuit to recover a dollar or less. Collectively, however, T-Mobile may have profited several million dollars as a result of these practices. While almost no one would sue to recover less than the cost of a cup of coffee, the court also expects that almost no one would be comfortable with the notion of a company making millions by unfairly charging millions of its customers a few extra pennies. Currently, the class action is the most widely used solution to this dilemma. A few people harmed by the practice are permitted to stand in for the thousands or millions harmed, and the company is forced to answer for its actions. The people who stand in for class members (in this case Plaintiffs Marco Zaldivar and Robert Burress) cannot do so without attorneys. The court emphasizes that bringing a class action is difficult work even for attorneys experienced in this area. Anyone who believes, for example, that the attorneys in this action are receiving money for nothing is mistaken. The attorneys in this case recorded all of the time they spent working on this case. That record is contained in Exhibit A to Plaintiffs' motion for attorney fees. (Dkt. ## 180, 188). It describes the hundreds of hours counsel invested in bringing this case to its conclusion. Another group of attorneys might have spent more or less time, and might have achieved different results. No group of attorneys,

however, could have achieved relief for class members without investing many, many hours working on their behalf. If attorneys are not compensated for their time, then they cannot be expected to work on class actions in the future. The law provides that a court must approve any settlement in a class action to ensure that the balance between benefits to class members and payments to their attorneys is reasonable under the circumstances. In this case, the court is satisfied that the balance is reasonable. For that reason, the court grants the motions before it, and gives its final approval of the settlement in this class action. The remainder of this order reproduces the parties' proposed order.

This matter came before the Court for hearing on March 5, 2010, pursuant to the Order Granting Provisional Certification of Settlement Class and Preliminary Approval of Class Action Settlement Agreement (dated Sept. 4, 2009, Ct. Rec. 167) ("Preliminary Approval Order"), on the application of the settling parties for approval of the settlement set forth in the Stipulation of Settlement Pursuant to Fed. R. Civ. P. 23 (filed June 5, 2009, Ct. Rec. 160) ("Settlement Agreement"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein, including the objection(s) to the proposed settlement or fee application, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.   This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2.   This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3.   Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), the Court certifies the proposed Settlement Class for the purposes of the settlement.

FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE – 4
Case No. 07-cv-1695 RAJ

4. The Court appoints Plaintiffs Marco Zaldivar and Robert Eric Burress as the Named Plaintiffs for the Settlement Class.

5. The Court designates Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class.

6. This Court finds and concludes that the applicable requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(2) have been satisfied with respect to the Settlement Class and settlement, and specifically, that: (a) the number of members of the Settlement Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Named Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so; and (e) Defendant has acted or refused to act on grounds that apply generally to the class.

7. The Action is permanently certified as a class action on behalf of the following persons (the "Settlement Class"):

> All current and former T-Mobile subscribers in the United States who are or were parties to a contract for a wireless telephone personal account and who never sent a text message but received, were charged for and paid for text messages while not on a rate plan or value bundle plan that included a fixed or unlimited number of text messages per month, at any time during the period October 1, 2003, to September 4, 2009.

8. This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendant that this Action, or any other proposed or certified class action, is appropriate for any other purpose, including, without limitation, for trial class treatment.

9. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Named Plaintiffs and the other

FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE – 5
Case No. 07-cv-1695 RAJ

Members of the Class, and as against each and all of the Released Persons.  The parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

10. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Named Plaintiffs, the Class and each of the Class Members.  This Court further finds the settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Named Plaintiffs, the Class Members and the Defendant.  Accordingly, the settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The settling parties are hereby directed to perform the terms of the Settlement Agreement.

11. Upon the Effective Date, the Named Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

12. Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.

13. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Named Plaintiffs, each and all of the Class Members, and Class Counsel from all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

14.     The distribution of the notice as provided for in the Preliminary Approval Order and the Stipulation and Order Supplementing September 4, 2009 Order Granting Provisional Certification of Settlement Class and Preliminary Approval of Class Action Settlement Agreement (filed Oct. 2, 2009, Ct. Rec. 169) constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

15.     The Court hereby approves the Participation Awards in the amount of $2,000 to Plaintiff Marco Zaldivar and $1,000 to Plaintiff Robert Eric Burress in accordance with the Settlement Agreement and finds that such awards are fair and reasonable.

16.     The Court hereby awards to Class Counsel an award of (a) attorneys' fees in the amount of $688,770.45; and (b) reimbursement of expenses in the amount of $36,229.55.  In making this award of attorneys' fees and reimbursement of expenses, in the amounts described in this paragraph, the Court has considered and finds as follows:

(a)     The settlement has provided a significant amount of remedial relief to the Settlement Class, in addition to a charitable contribution to a *cy pres* recipient.

(b)     Notice of the settlement was sent to over 1.7 million class members.  Only two objections were filed against the terms of the proposed settlement.

(c)     Class Counsel have conducted the Action and achieved the settlement with skill, perseverance and diligent advocacy on behalf of the Plaintiffs and the Settlement Class as a whole.

(d)     The Action involves complex factual and legal issues and, in the absence of Settlement, would involve further lengthy proceedings and uncertain resolution of such issues.

(e) Had settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendant, and that any recovery would have been significantly delayed.

(f) The amount of attorneys' fees and reimbursable expenses awarded to Class Counsel is fair and reasonable, given the number of attorney hours expended to achieve the settlement on behalf of Plaintiffs and the Settlement Class as a whole, and the estimated value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

17. Neither the Settlement Agreement, nor any action taken pursuant to the Settlement Agreement or to implement its terms shall in any event be: (1) construed as, offered or admitted in evidence as, received as and/or deemed to be, evidence for any purpose, other than such proceedings which may be necessary to consummate or enforce the terms of the Settlement, except that the Released Parties may file the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction; or (2) disclosed or referred to for any purpose or offered or received in evidence, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding against Defendant or any of the Released Parties.

18. Neither the Settlement Agreement, nor the settlement contained therein, nor any action taken pursuant to the Settlement Agreement or to implement its terms, is or may be construed as, or may be used as, an admission by or against the Named Plaintiffs that any of their claims in the action are or were without merit.

19. The Court finds that during the course of the Action, the settling parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

21. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(a) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated this 16th day of March, 2010.

_____
The Honorable Richard A. Jones
United States District Judge

\

FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE – 9
Case No. 07-cv-1695 RAJ